Rufpik, C. J.
 

 ' In the argument here the counsel has not contended for the first point made at the trial. The witness certainly did not prove a levy on the 7th of April: there being nothing more than the expression of Hunter’s willingness for a sale, and the defendant’s reluctance to advertise one. There was no actual seisure of any thing, nor any other act or declaration of the debtor or of the defendant, amounting to a present appropriation of property for the satisfaction of the debt. So far as that conversation could be evidence of an understanding of the parties to it, that there had been a levy made at that time or before, it was left with other evidence to the jury; and they have found, that there was none. It was however, argued that the court ought to have instructed the jury, that the defendant’s return
 
 vros prima facia
 
 evidence of a levy on the-3d of April. The answer is, that the court did probably so instruct the jury; but that, of course is not stated in the case, because no exception was taken on that point. But if the court did not give such instruction, it would not be erroneous, for it does not appear that it was asked, and a party cannot complain that the court did not do a thing, which he did not ask to be done.
 

 Upon the second point we think the reasons given by his Honor conclusive of the correctness of the opinion, that the jury was authorised to find upon the evidence, that the prop
 
 *479
 
 erty conveyed to Williamson, had been revested in Hunter, although there was no written conveyance.
 

 As to the next question ; it is very clear that a
 
 fieri facias,
 
 although it creates a lien on property, which prevents the owner form selling it, unless subject to the lien, yet does not divest the property out of the debtor, until a seizure, and even after a seizure the sheriff gains but a special property, such as is necessary for the satisfaction of the debt, and leaves in the original owner the general property, which is an interest which he may sell and convey at law.
 
 Payne
 
 v.
 
 Drew,
 
 4 East 523;
 
 Popelston
 
 v.
 
 Skinner,
 
 4 Dev. and Bat. 156.
 
 Jones
 
 v.
 
 Thomas,
 
 4 Ired. 12.
 

 The law upon the fourth point results necessarily from that just stated. For if the plaintiff gained by the conveyance to him the legal property, subject to a lien for the satisfaction of the execution from court, when that execution was satisfied, the absolute property, freed of all lien, in the residue of the goods was in the plaintiff. The sheriff had no right to proceed to sell them, after he had been already satisfied; and if he had done so, he would have been answerable for it, and the defendant with him, for having procured him to act thus and receiving the proceeds of the illegal sale. But we do not understand that to have been the case, in point of fact. On the contrary, the true transaction was, that both officers sold; each upon his own process; and they divided the money according to their relative priorities. They adopted the course of acting in conjunction for the sake of the ingenious puzzle, as it seemed to them, in which it would involve the plaintiff. They argued speciously, that the sheriff had a right superior to that of the plaintiff; and the defendant’s right was preferable to that of the sheriff:
 
 Ergo,
 
 the defendant’s title must be paramount to the plaintiff’s. Now, that would be true, if their several priorities arose out of the same fact or depended upon the same principle. But that is not the case. .The preference of the sheriff to the plaintiff is given, because the teste of his execution was "before the execution of the deed: whereas the preference given or denied to the defendant as against the
 
 *480
 
 other two parties respectively depends upon the date of his ^evY: Rev. St. c. 45. s. 16
 
 Jones
 
 v.
 
 Judkins,
 
 4 Dev. and Bat. 454. Therefore, the defendant might get a priority over one oj.tjjQge par(jes arj(j nc,t over the other; and by levying before the sheriff, he postponed the court execution and got the preference for his own ; while by not levying before the deed was made, the property was effectually conveyed as against him. The defendant has no connexion with the execution in the sheriff’s hands, and therefore, cannot set it up for the purpose of defeating the plaintiff's deed. It is his own levy, which determines the defendant’s right against each of the other parties j but it operates against each of them severally. Therefore, the defendant’s syllogism fails. The truth is, that, as far as the amount of his execution, the sale by the sheriff was lawful and js to be regarded as having been made by him; and for the purpose of satisfying the justice’s executions, the sale was made by the defendant.
 

 The defendant had the right, in virtue of his preference over the sheriff, to sell the cotton under his executions and take the money; and, as that was not conveyed to the plaintiff, he has no cause to complain of that application of it. As Jthe defendant had the benefit of that fund, he got all he was entitled to, and the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.